THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Barry Dewayne Williams, Appellant.
 
 
 
 
 

Appeal From Greenwood County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-010
 Submitted January 4, 2010- Filed January
21, 2010    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Julie M. Thames, all of Columbia;
 and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM: Barry Dewayne Williams was convicted of distribution
 of crack cocaine and distribution of crack cocaine within proximity of a public
 playground or park.  The trial court sentenced Williams to concurrent terms of
 thirty years on the distribution charge and fifteen years on the proximity
 charge.  Williams appeals arguing the trial court erred in denying his motion
 for a directed verdict.  We affirm
 pursuant to Rule 220(b),
 SCACR and the following authorities:  State
 v. Weston, 367 S.C. 279, 292, 625
 S.E.2d 641, 648 (2006) ( in ruling on a motion for a directed verdict, a trial
 court is concerned with the existence or nonexistence of evidence, not its
 weight); State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001)
 (noting that, in regard to appellants argument the States case was based on
 unreliable evidence, in ruling on a directed verdict motion the trial court is
 concerned with the existence of evidence, not its weight); State v.
 Hernandez, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) (on appeal from
 the trial courts denial of a motion for a directed verdict, an appellate court
 must view the evidence in the light most favorable to the State); State v. Gaster,
 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (an appellate court may only
 reverse the trial courts denial of a motion for directed verdict if there is
 no evidence to support the trial courts ruling); State v. Gaines, 380
 S.C. 23, 32, 667 S.E.2d 728, 733 (2008) (if there is any direct evidence or any
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused, the appellate court must find the case was properly submitted to
 the jury).[1]
AFFIRMED.
HUFF, A.C.J., GEATHERS,
 J., and CURETON, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.